IN THE MATTER OF JANE SANFORD, A LUNATIC, AND OF THE APPLICATION OF EPENETUS HOWE AND TWENTY-THREE OTHERS, TO HAVE THEIR COMPENSATION AS JURORS UPON THE INQUISITION OF LUNACY FIXED AND DIRECTED TO BE PAID.

EPENETUS HOWE AND OTHERS, RESPONDENTS, HARMON D. SANFORD AND OTHERS, APPELLANTS.

*Proceding* de lunatico inquirendo — *fees of jurors therein* — *Code of Civil Procedure*, secs. 2333, 3313.

The compensation of a juror, in a proceeding under title 6 of chapter 17 of the Code of Civil Procedure, to inquire into the incompetency of an alleged lunatic, is the same as that of a juror upon the trial of an issue in an action in the same court, and this, by section 3313 of said Code, is, in a court of record, twenty-five cents.

APPEAL by Mary Fitzinger, Harmon D. Sanford and Leora Manning, the petitioners, upon an inquisition wherein Jane Sanford was found to be a lunatic, from an order, entered in the office of the clerk of Tioga county on the 6th day of October, 1890, directing the appellants to pay to each of twenty-three jurors upon said inquisition the sum of eight dollars for four days' service as such jurors, and twenty-five cents additional, making in all, less certain payments made to certain jurors, the sum of $198 and costs.

*Horace L. Bronson,* for the appellants.

*Roswell R. Moss,* for the respondents.

MARTIN, J.:

This was a proceeding under title 6 of chapter 17 of the Code of Civil Procedure for the appointment of a committee of the person and property of an alleged lunatic. A commission was issued out of

this court to inquire into the competency of the alleged lunatic to manage herself or her affairs. The respondents were the jurors procured on the execution of the commission to make such inquiry. They found that the alleged lunatic was incompetent. Upon their discharge all but four were paid one dollar each. Four received nothing.

Subsequently, a motion was made for an order requiring the appellants to pay all the respondents the legal fees for their services, and to pay the respondent, Frank J. Norton, ten dollars for the use of a room in which the inquisition took place. Upon that motion the court held that each of the jurors was entitled to receive two dollars for each day he served and twenty-five cents trial fee, making the compensation of each eight dollars and twenty-five cents, as the trial occupied four days, and allowed the respondent, Norton, ten dollars for the use of his room, and also allowed ten dollars costs of the motion to the respondents.

The principal, and practically the only, question discussed upon the argument of this appeal was as to the correctness of the order in allowing the respondents as jurors each the sum of eight dollars and twenty-five cents. We think no other question need be considered by us.

It is admitted by all the parties to this appeal that the compensation which jurors are to receive in such a proceeding is regulated by the provisions of the Code of Civil Procedure, but the difference between them arises as to the proper construction of the provisions pertaining to that subject.

Section 2333, which relates to the expenses of such a commission, provides: " The jurors are entitled to the same compensation as jurors *upon the trial of an issue in an action* in the same court." Section 3313 declares: " A trial juror, in an action or a special proceeding, in a court of record, is entitled, except as otherwise specially prescribed by statute in a particular court or a particular county, to the following fees: Twenty-five cents for each cause in which he is empanneled." * * *

An examination of these provisions seems to indicate quite clearly that the legislature intended that a juror in such a proceeding should receive only the same compensation that a juror would be entitled to for serving as such in a court of record in a case in which he was impanneled. It may be observed that while the

word " compensation " is used in section 2333, and the word "fees"
in section 3313, the provision of 2333 is not that jurors are entitled
to the same compensation as persons attending the same court to
serve as jurors, but is limited to the same compensation as jurors
upon the trial of an issue in an action in the same court.

The compensation of a juror upon the trial of an issue in a court
of record is twenty-five cents for each case in which he is impanneled,
unless in the particular court or county in which it is tried it is
otherwise specially prescribed by statute. We find no special statute
upon this subject relating either to Tioga county or to this court.
We therefore conclude that the only compensation the respondents
were entitled to as jurors was the sum of twenty-five cents each.

This conclusion is strengthened when we consider the fact that
section 3316 provides that a trial juror sworn in the special pro-
ceedings therein named shall receive only twenty-five cents, and that
prior to the adoption of the Code the fees of such jurors were only
twelve and one-half cents.

We cannot think it was the intent of the law-makers that in such
a proceeding the petitioners therein should be required to pay the
jurors summoned not only the fee to which jurors are entitled on
the trial of an issue in an action, but also the additional sum allowed
to grand or trial jurors for their attendance at a term of court which
is allowed and paid by the county. Nor do we think the language
of the statute justifies such a construction.

Moreover, if it were to be held otherwise, the order could not be
sustained, as the papers show that the respondents were each allowed
twenty-five cents, and two dollars per day in addition thereto, while
there was no proof whatever as to any direction by the supervisors
of Tioga county that any sum in addition to the fees prescribed by
section 3313 should be allowed to jurors attending courts of record
in that county, as may be done under the provisions of section 3314.
It follows that the order appealed from should be modified by allow-
ing each of the respondents the sum of twenty-five cents only for
his services as a juror, and to the respondent Norton the sum of ten
dollars, in addition, for the use of his room, and as modified, order
affirmed, with ten dollars costs and disbursements to the appellants.

HARDIN, P. J., and MERWIN, J., concurred.

Order modified by allowing each of the respondents the sum of twenty-five cents only for his services as a juror, and to the respondent Norton the sum of ten dollars, in addition, for the use of his room, and as modified, order affirmed, with ten dollars costs and disbursements to the appellants.